IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SURFER INTERNET BROADCASTING            Plaintiff,
OF MISSISSIPPI, LLC,

v.                                             Civil Action No. 4:07cv34-M-B

XM SATELLITE RADIO INC., and            Defendants.
SIRIUS SATELLITE RADIO INC.,

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER

### I.
### INTRODUCTION

Plaintiff Surfer Internet Broadcasting of Mississippi, LLC ("SIBM") is a Greenville, Mississippi corporation whose patented technology was and is currently being infringed upon by Defendants Sirius Satellite Radio, Inc. ("Sirius") and XM Satellite Radio, Inc. ("XM") (Sirius and XM together referred to hereinafter as "Defendants") in the Northern District of Mississippi. Defendants have moved to transfer Plaintiff's patent infringement suit against them from the Northern District of Mississippi to the Southern District of New York, alleging in conclusory fashion that it "is a more convenient forum for the witnesses and parties and better serves the interests of justice." (Defendants' Memo, pp. 1-2).

However, Defendants fall far short of meeting the heavy burden imposed on them by the Fifth Circuit of clearly proving that Plaintiff's choice of forum should be ignored and that the Southern District of New York is a "substantially more convenient" forum than Mississippi. SIBM is a Mississippi corporation; and the timing of its formation is irrelevant to a transfer analysis as a matter of law. Defendants admit that they conduct business and sell their services in the Northern District of Mississippi. Moreover, the Defendants have infringed and are

infringing the patent-in-suit – United States Patent No. 6,766,376 ("the '376 patent") – in the Northern District of Mississippi.

Transferring this action will not promote the "interests of justice." In fact, Defendants' sole motivation for seeking to transfer this patent suit to New York is in order to kill it: the amount of time it takes to bring a patent suit to trial in the Southern District of New York is approximately 44.4 months. If Defendants are right, then no patent case, or any case for that matter, could be brought against these defendants anywhere but the Southern District of New York. We have courthouses in Mississippi too.

Defendants' convenience arguments ignore the realities of modern discovery and have already been rejected by this Court in *Haas Outdoors, Inc. v. Novelty, Inc.*, 2006 U.S. Dist. LEXIS 22727 (N.D. Miss. April 24, 2006). SIBM maintains its principal office in Greenville and the relevant '376 patent documents are located there. The inventor and prosecuting attorney of the '376 patent will voluntarily appear at trial in the Northern District if requested to do so, and Defendants can certainly obtain the appearance of their own employees in this District. Defendants present no evidence that any key witness would be unavailable to testify in this forum.

Accordingly, transfer should be denied because Defendants have not and cannot meet their heavy evidentiary burden to demonstrate that the convenience of parties and witnesses or the interests of justice clearly and substantially weigh in favor of transfer.

## II.
## ARGUMENT AND AUTHORITIES

### A. The Applicable Standard Places a Heavy Burden on Defendants.

Section 1404(a) states: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court <u>may</u> transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). Whether to transfer venue is within the sound discretion of the Court. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The Fifth Circuit has stated that the moving party bears the burden of proving that transfer is appropriate. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Mississippi federal district courts have held that this burden is a high one, stating that: "[t]he party seeking transfer pursuant to §1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum is clearly more convenient and that transfer is proper." *Mizell v. Prism Computer Corp.*, 27 F. Supp.2d 708, 712 (S.D. Miss. 1998). Other Circuits have even described the Defendants' burden as being as stringent as "clear and convincing evidence." *Headrick v. Atchison*, 182 F.2d 305, 310 (10th Cir. 1950); *see also Ayers v. Arabian Am. Oil Co.*, 571 F. Supp. 707, 709 (S.D.N.Y. 1983). Moreover, the Defendants must also show that "a transfer would make it ***substantially*** more convenient for the parties to litigate the case." *Gardipee v. Petrol Helicopters, Inc.*, 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999) (emphasis added). As set forth herein, the Defendants' motion does not satisfy any of these standards.

### B. Plaintiff's Choice of Forum Carries the Greatest Weight.

In considering a motion to transfer, courts employ a two-pronged test. First, a court must determine whether the claim could have been filed in the district to which the movant seeks

3

transfer. *In re Volkswagen AG*, 371 F.3d at 203. Second, the court must consider several private and public interest factors. *Id.* The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law. *Id.*; *see also Haas Outdoors, Inc.*, 2006 U.S. Dist. LEXIS 22727 at *11.

But the factor usually given the most weight is plaintiff's choice of forum. It is generally "highly esteemed" and entitled to great weight, particularly when his choice of forum is his own home state, as in the present case. *Paul v. International Precious Metals Corp.*, 613 F. Supp. 174, 178-79 (S.D. Miss. 1985) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

### C. Defendants Do Not Dispute that the Northern District of Mississippi is a Proper Venue.

Venue in a patent infringement action properly lies in any district where defendants manufacture, offer for sale, or sell the accused products and/or services. Significantly, Defendants concede that they advertise and sell their products to Mississippians in this District. XM Satellite Radio admits the following in its Answer:

> XMSR admits that it distributes, sells and advertises its products and services in the United States, the State of Mississippi and the Northern District of Mississippi. XMSR further admits that it has customers who are residents of the State of Mississippi and the Northern District of Mississippi.

*See* Defendant XM Satellite Radio Inc.'s Answer to Plaintiff's Original Complaint, at ¶ 7.

Similarly, Sirius admits the following in its Answer:

> Sirius admits that it distributes, offers for sale, sells, and/or advertises its products and services nationally throughout the United States, including through its web site. Sirius admits that it has customers who are residents in the State of Mississippi.

*See* Answer of Sirius Satellite Radio Inc., at ¶ 7.

Defendants offer a laundry list of unconvincing "factors" allegedly supporting transfer, while conveniently ignoring the most important facts justifying retention. First, SIBM is the owner of the entire right, title and interest in and to the '376 patent. Second, SIBM is a Mississippi corporation and was a Mississippi corporation at the time this suit was filed. Third, infringement is occurring within the Northern District of Mississippi daily – Defendants knowingly offer and sell their products and services here. Fourth, Defendants Sirius and XM are unquestionably sending monthly bills to subscribers within the Northern District of Mississippi. Fifth, Defendants are undoubtedly accepting payments from residents of the Northern District of Mississippi each and every month.

While venue in the Northern District of Mississippi is clearly proper, SIBM does not contest that the present suit could have been brought just about anywhere, including the Southern District of New York. Plaintiff chose to file suit in its home forum, and under the Fifth Circuit case law cited herein, this essentially ends the debate.

### D. The Private Interest Factors Favor This Forum.

#### 1. SIBM's Choice Of Forum Is Entitled To Substantial Deference.

In the Fifth Circuit, a plaintiff's choice of forum is "highly esteemed" and entitled to the greatest weight, particularly when his choice of forum is his own home state. *Paul*, 613 F. Supp. at 178-79 (citing *Time, Inc.*, 366 F.2d at 698); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

5

508 (1947) ("But unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed.") (emphasis added). The Federal Circuit, the exclusive Court of Appeals for patent cases, agrees that §1404(a) normally requires that the court "give *great weight* to the plaintiff's choice of forum." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) (emphasis added).

Similarly, in the Fifth Circuit, "there is a strong presumption in favor of plaintiff's choice of forum that may be overcome only when the private and public interest factors *clearly* point towards trial in the alternative forum." *Schexnider v. McDermott Int'l, Inc.*, 817 F2d 1159, 1163 (5th Cir. 1987) (emphasis added); *see also Marbury-Pattillo Constr. Co., Inc.*, 490 F.2d 155, 158 (5th Cir. 1974). Here, neither the private nor the public interest factors favor transfer whatsoever, much less *clearly* favor transfer. In fact, in this case Defendants must clearly prove that transferring this action to the Southern District of New York is "substantially more convenient for the parties to litigate the case." *Gardipee*, 49 F. Supp. 2d at 928. Defendants have failed to do so.

        2.    **SIBM is an Active Mississippi Corporation and the Timing of its Formation is Irrelevant.**

Defendants recognize that SIBM is a Mississippi corporation, but assert that SIBM's choice of forum should be ignored because "Plaintiff was formed a mere seven days before filing this lawsuit, strongly indicating that its sole purpose for forming in Mississippi was to bring this suit." (Defendants' Memo, p. 12). Defendants cite no factual or legal authorities to support this proposition because there are none. SIBM's residence in the Northern District cannot be ignored merely because SIBM's Mississippi incorporation is of recent origin.

More importantly, as a matter of law, a plaintiff's motive for establishing residence in a forum is immaterial for the purpose of analyzing venue. *Lewis v. U.S.*, No. C-4-1834-PJH, 2004

6

U.S. Dist. LEXIS 25283, at *10 (N.D. Cal. Dec. 2, 2004) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)). Venue is determined based on the facts as they exist <u>at the time of filing suit</u>. *Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 776 n.1 (11th Cir. 1987). In this case, at the time of filing suit, SIBM was a Mississippi corporation with its principal place of business at 800 Highway 1 South in Greenville, Mississippi, and as discussed above, its choice of forum is entitled to substantial weight. (Exhibit A, Decl. of Grywalski at ¶ 4).

The Fifth Circuit has made it clear that a plaintiff has the absolute right to select its forum subject to the venue rules for any number of legitimate reasons:

> The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause. The motive of the suitor in making his choice is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor.

*McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983).

Other district courts in this Circuit have noted that a plaintiff's alleged motive is "irrelevant": "[r]egardless of a plaintiff's motivation for choosing a particular forum, the court should give that choice great deference." *Lone Star Milk Producers, Inc. v. Dairy Farmers of Am., Inc.*, No. 5:00-CV-191, 2001 U.S. Dist. LEXIS 18717, at *8 (E.D. Tex. Jan. 19, 2001) (denying motion to transfer venue). "The Court is concerned only with whether the choice of forum is a proper one under the law, and not with the motives of the party selecting the forum." *Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 996 (E.D. Tex. 1993); *see also Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 773 (E.D. Tex. 2000) ("[T]his Court simply isn't concerned with the plaintiff's motive for filing suit in this Court – be it 'blatant' or not.").

7

Litigation is commonly blamed for the loss of businesses coming to Mississippi; it is now ironic for Defendants to complain about a *new* business being formed in Mississippi. Just to set the record straight, however, SIBM was established in this District for appropriate reasons, as Plaintiff's principals have familiarity with the State of Mississippi. One of Plaintiff's principals is a benefactor of the Hope Village orphanage here in Mississippi. (Ex. A, Decl. of Grywalski at ¶ 6).

### 3. Defendants Fail To Prove Key Witnesses Will Be Inconvenienced In the Northern District.

One of the most significant factors in considering a Motion to Transfer a case pursuant to 28 U.S.C. §1404(a) is the convenience of the party and non-party witnesses. *Apache Prods. Co. v. Employers Ins.*, 154 F.R.D. 650, 653 (S.D. Miss. 1994). Because §1404(a) only allows for transfer to a forum that is "substantially more convenient for the parties to litigate the case," *Gardipee*, 49 F.Supp. 2d at 928, the defendants must clearly and convincingly demonstrate that transfer is warranted under section 1404(a). *See also Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

Defendants, who conduct business on a nationwide basis, have no legitimate basis for claiming that their witnesses are inconvenienced by possibly testifying in this case in Mississippi. As this Court has held, "corporations are routinely involved in litigation as the result of placing their products into the marketplace. With the benefit of conducting nationwide business, so to comes the burden of providing witnesses in defense of their products." *Haas Outdoors, Inc.* 2006 U.S. Dist. LEXIS 22727 at *12.

With regard to the convenience of their own party and non-party witnesses, the Defendants must specifically relate the identity of the witnesses and the nature and relative importance of their testimony. *Somerville v. Major Exploration, Inc.*, 576 F. Supp. 902, 907

8

(S.D.N.Y. 1983); *Southern Investors II v. Commuter Aircraft Corp.*, 520 F. Supp. 212, 216 (M.D. La. 1981). Here, Defendants have failed to provide the Court with either the identities of any of their potential witnesses or the required outlines of the substance of their testimony. Instead, they provide nothing more than conclusory allegations which clearly fall short of the *Sommerville* requirements. *See Crawford v. Glenns, Inc.*, 637 F. Supp. 107, 110 (N.D. Miss. 1986).

### a. The Inventor Will Not Be Inconvenienced By Trial In the Northern District of Mississippi.

Defendants note that the inventor of the patent-in-suit lives in Pennsylvania (as opposed to the Southern District of New York) and assert that he will be inconvenienced by trial in the Northern District. (Defendants' Memo, pp. 8-9). The inventor's declaration, submitted by SIBM as Exhibit B, proves otherwise. Harold Edward Price, the named inventor of the '376 patent, disclaims any inconvenience in appearing at trial in the Northern District of Mississippi, and agrees to appear voluntarily if requested to do so. (Ex. B, Price Decl. at ¶ 4). Therefore, the location of the inventor is irrelevant to the transfer analysis as a matter of law and does not weigh in favor of transfer.

### b. Plaintiff's Patent Attorney Is Not a Key Witness Who Will Be Inconvenienced.

Defendants ask the Court to presume that Ernest Buff, the prosecuting attorney of the patent-in-suit, is a "key potential unwilling witness."[1] (Defendants' Memo, p. 10). Defendants do not, however, outline the substance of Mr. Buff's testimony or explain why he should be designated a "key" witness. It is, in fact, highly unlikely that Mr. Buff would give "key" testimony at trial. Testimony from a prosecuting attorney is almost always related to an

---

[1] Defendants repeatedly refer to Mr. Buff as "Mr. Bluff". We presume this was an unintended typographical error rather than a misguided malaprop.

9

allegation of inequitable conduct. *See Elk Corp. v. GAF Bldg. Materials Corp.*, 168 F.3d 28, 31 (Fed. Cir. 1999). Mr. Buff cannot be such a "key" witness in this case, however, because Defendants have not alleged inequitable conduct as a defense. (*See* Answers of Defendants XM and Sirius). Mr. Buff's location thus lacks relevance as a matter of law and bears no weight in the transfer analysis. *See Z-Tel Commc'ns, Inc., v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 574 (E.D. Tex. 2004) ("The bottom line is that a flat assertion that these witnesses might potentially offer information germane to the facts at issue does not help the Court determine if attendance at trial will be likely such that the inconvenience associated with their travel . . . weighs heavily in the analysis.").

Defendants further assert that, to the extent he is called as a witness, Mr. Buff will be inconvenienced by trial in the Northern District because he lives in New Jersey (not the Southern District of New York). (Defendants' Memo, p.8). Mr. Buff's declaration proves otherwise. (Ex. C, Decl. of Buff at ¶ 4). Should his testimony become relevant to any issue, Mr. Buff will voluntarily appear at trial in the Northern District if requested to do so and will not be inconvenienced by trial in this forum. *Id.*

### 4. The Costs of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process Do Not Support Transfer.

Because the non-party witnesses named by Defendants, *i.e.*, a corporate officer, the inventor, and the prosecuting attorney of the patent-in-suit, have all agreed to appear at trial in the Northern District, this factor is irrelevant to the Court's analysis. Defendants will not, as they assert, be deprived of the ability to call these witnesses live at trial, if they so desire. (Defendants' Memo, p. 10). It is also interesting to note that none of these potential witnesses lives in the Southern District of New York. Moreover, it is now universally recognized that many such trial witnesses are just as easily and effectively presented by deposition: with modern

video deposition technology, the need for many witnesses to appear in person is reduced or eliminated. This is especially true for witnesses whose credibility cannot be seriously challenged even if there is a dispute over the effect of some technical data they produce, or a witness with background information needed to establish a basis for more crucial testimony by an expert.

Defendants do not describe the substance of the expected testimony of its employees, the prosecuting attorney, the inventors, or SIBM's officers with the specificity necessary for the Court to evaluate the likelihood that they will actually need to travel to the Northern District to testify. It is thus impossible to calculate the actual cost of obtaining the attendance of witnesses at trial. Furthermore, because many of the witnesses Defendants name are their own employees, the availability of compulsory process is a non-issue as to them. *See In re Triton Limited Sec. Litig.,* 70 F. Supp. 2d 678, 690 (E.D. Tex. 1999). Defendants have not, in fact, presented evidence that <u>any</u> witness within the range of the subpoena power of the Southern District of New York would be unwilling to travel to the Northern District of Mississippi to testify. *See First Nat'l City Bank v. Nanz, Inc.,* 437 F. Supp. 184, 189 (S.D.N.Y. 1975). SIBM, on the other hand, presents declarations of the officer, inventor, and prosecuting attorney in which they volunteer to appear in the Northern District of Mississippi. Defendants fail to provide the Court with enough information to allow it to even speculate whether compulsory process will be needed. This factor clearly weighs against transfer.

Experts and potential witnesses are local and all over the country, and it will be no less inconvenient for them to travel to Greenville or Oxford, Mississippi, than to New York City. In fact, the Court can take judicial notice that it would be quicker and easier for potential witnesses to get from their domiciles to Oxford or Greenville, Mississippi (which both have airports close by) than it would take to get to downtown New York City. Similarly, the Court can also take

judicial notice that it would be cheaper for witnesses to stay in Mississippi than New York City. In fact, a recent newspaper article reported that the average hotel room in New York costs $374 per night. In contrast, on his last visit to Greenville, Mr. Grywalski paid $56 per night at the Fairfield Inn. (Ex. A, Decl. of Grywalski at ¶¶ 7, 8)

### 5. The Accessibility and Location of Sources of Proof Bear Little Weight in the Analysis.

The accessibility and location of sources of proof weigh only slightly in the transfer analysis in patent cases. *In re Triton*, 70 F. Supp. 2d at 690. These factors have been given decreasing emphasis due to advances in copying technology and information storage and the ease of transportation and communication. In fact, this very Court denied a motion to transfer venue by stating in pertinent part that "[i]n contemporary litigation virtually all records are within easy reach due to modern technology. If plaintiffs were held hostage by the location of corporate records, the pursuit of justice would be a matter of geography." *Haas Outdoors, Inc.*, 2006 U.S. Dist. LEXIS 22727 at *12. Regardless, Defendants present no evidence to show why the location of its documents outside the Northern District works a substantial hardship. Additionally, not all relevant documents are located outside the Northern District of Mississippi, as Defendants imply. In fact, many documents related to the patent-in-suit are stored at SIBM's office in Greenville, Mississippi. (Ex. A, Decl. of Grywalski at ¶ 5). This factor thus weighs against transfer.

### 6. Transfer Would Result In Delay And Prejudice.

Defendants do not address the delay factor, which is a significant consideration when the "interests of justice" are being contemplated. Defendants admit that the time to trial in the Southern District of New York is longer than in the Northern District of Mississippi (25.7 months versus 24 months). This only tells half the story however. More importantly, the length

12

of time it takes to bring a patent infringement action in the Southern District of New York is far greater, averaging 44.4 months. (Ex. D, Decl. of Ward at ¶ 6). It is now easy to see why Defendants want to be there. Considering these statistics, this factor also weighs against transfer.

In sum, the private interest factors counsel against transfer.

### E. The Public Interest Factors Do Not Support Transfer.

Defendants' Motion does not accurately address the four public interest factors. As shown below, none of these factors supports Defendants' request for transfer.

#### 1. Defendants Present No Evidence of Administrative Difficulties Caused by Court Congestion.

There is no evidence of administrative difficulties caused by court congestion if this case remains in this Court. The Northern District of Mississippi maintains a fast and efficient docket and is known for its expeditious, organized preparation of cases for trial. This factor does not weigh in favor of transfer.

#### 2. Mississippi Has A Significant Interest In Adjudicating This Dispute.

SIBM is a Mississippi corporation. Defendants' accused products and/or services have been offered for sale and sold within this District in the past and are still being offered for sale and sold here. These sales constitute part of Defendants' infringement and SIBM's damages. The residents of the Northern District of Mississippi have a significant interest in the enforcement of federal patent laws against infringing activities occurring within the Northern District and the Greenville Division. This factor weighs against transfer.

#### 3. Northern District Citizens Will Not Be Unfairly Burdened With Jury Duty.

This is not an unrelated forum, as Defendants assert. SIBM is a Mississippi corporation. Defendants' accused products and/or services have been offered for sale and sold within the

Northern District in the past and are still being offered for sale and sold here. The citizens of the Northern District have an interest in adjudicating this suit. *See In re Triton*, 70 F. Supp. 2d at 691. It follows that the jury pool in the Northern District will not be unfairly burdened in deciding this matter, which involves a Mississippi corporation with its principal office in Greenville. Consequently, this factor weighs against transfer.

### 4. There Are No Problems In Conflicts Of Laws To Avoid.

Defendants agree that this factor is not an issue. Because this is a patent infringement case governed by federal patent law, the potential for conflicts of laws does not exist. This factor bears no weight in the transfer analysis.

### F. This Court Has Recently Denied Transfer Under Similar Circumstances.

As mentioned herein, in *Haas Outdoors, Inc., v. Novelty, Inc.*, 2006 U.S. Dist. LEXIS 22727 (N.D. Miss. April 24, 2006), this Court was faced with a transfer motion brought by an out of state defendant, alleging similar grounds for transfer. Defendant in that case argued that transfer was appropriate because a material witness would not travel to Mississippi to testify on behalf of the defendant; that defendant's employees [party witnesses] would be material witnesses and would be highly inconvenienced by traveling to Mississippi to testify; and that it would be unduly burdensome to transport its documents [sources of proof] from Indiana to Mississippi during litigation. *Id.* at *12.

This Court found each argument less than compelling:

> The Court can quickly dispense with each argument. In contemporary litigation virtually all records are within easy reach due to modern technology. If plaintiffs were held hostage by the location of corporate records, the pursuit of justice would be a matter of geography. Similarly, corporations are routinely involved in litigation as the result of placing their products into the marketplace. With the benefit of conducting nationwide business, so to comes the burden of providing witnesses in defense of their products. Balancing all the public and private factors

14

collectively, the Court concludes that Novelty's forum non conveniens argument is without merit. Transfer is denied.

*Id.* at *13.

Transfer should similarly be denied here as well.

## III.
## CONCLUSION

Defendants have failed to sustain their heavy burden to show that SIBM, a Mississippi plaintiff, should be ousted from a Mississippi forum when infringement of the patent in suit is occurring in this District. The majority of the private convenience and public interest factors weigh against transfer. SIBM therefore respectfully requests that the Court deny Defendants' Motion to Transfer Venue.

Respectfully submitted on this 7th day of May, 2007.

**SURFER INTERNET BROADCASTING OF MISSISSIPPI, LLC, Plaintiff**

By: /s/ Zach Scruggs
David Zachary Scruggs, Esq.
State Bar No. 100011
E-mail: zachscruggs@scruggsfirm.com

Richard F. Scruggs, Esq.
State Bar No. 6582
E-mail: dickscruggs@scruggsfirm.com

David Shelton, Esq.
State Bar No. 99675
E-mail: davidshelton@scruggsfirm.com

**SCRUGGS LAW FIRM, P.A.**
120A Courthouse Square
P.O. Box 1136
Oxford, Mississippi 38655
Telephone: (662) 281-1212
Facsimile: (662) 281-1312

15

**OF COUNSEL:**

John F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
**WARD & OLIVO**
708 Third Avenue
New York, New York 10017
Telephone:  (212) 697-6262
Facsimile:  (212) 972-5866

Leslie D. Ware, Esq.
E-mail: lesware@airmail.net
**MONTS & WARE, L.L.P.**
1701 North Market Street, Suite 330
Dallas, Texas 75202
Telephone:  (214) 744-5000
Facsimile:  (214) 744-5013

Mike McKool, Jr., Esq.
E-mail: mmckool@mckoolsmith.com
Sam Baxter, Esq.
E-mail: sbaxter@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

S. Todd Jeffreys
State Bar No. 100042
E-mail: stjeffreys@bellsouth.net
**POVALL & JEFFREYS, P.A.**
215 North Pearman Avenue
P.O. Drawer 1199
Cleveland, Mississippi 38732
Telephone:  (662) 843-9948
Facsimile:  (662) 842-9957

**ATTORNEYS FOR PLAINTIFF,
SURFER INTERNET BROADCASTING
OF MISSISSIPPI, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system sent notification of such filing to the following counsel of record:

**LeRoy Davis Percy**
TOLLISON LAW FIRM, P.A.
P. O. Box 1216
Oxford, MS 38655-1216
Email: roy@tollisonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan D. Albright**
FISH & RICHARDSON PC - Austin
111 Congress Avenue, Suite 810
Austin, TX 78701
Email: albright@fr.com
*ATTORNEY TO BE NOTICED*

**Christopher O. Green**
FISH & RICHARDSON PC - Atlanta
1180 Peachtree Street N.E., 21st Floor
Atlanta, GA 30309
Email: cgreen@fr.com
*ATTORNEY TO BE NOTICED*

**Conor M. Civins**
FISH & RICHARDSON PC - Austin
111 Congress Avenue, Suite 810
Austin, TX 78701
Email: civins@fr.com
*ATTORNEY TO BE NOTICED*

**J. Scott Denko**
FISH & RICHARDSON PC - Austin
111 Congress Avenue, Suite 810
Austin, TX 78701
Email: denko@fr.com
*ATTORNEY TO BE NOTICED*

**Ruffin B. Cordell**
FISH & RICHARDSON PC - DC
1425 K Street NW, 11th Floor
Washington, DC 20005
Email: cordell@fr.com
*ATTORNEY TO BE NOTICED*

**J. Cal Mayo, Jr.**
MAYO MALLETTE PLLC
428 North Lamar Boulevard
Post Office Box 1456
Oxford, MS 38655
Email: cmayo@mayomallette.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Bowie Watkins**
MAYO MALLETTE, PLLC
P.O. Box 1456
Oxford, MS 38655
Email: pwatkins@mayomallette.com
*ATTORNEY TO BE NOTICED*

**Pope S. Mallette**
MAYO MALLETTE, PLLC
P.O. Box 1456
Oxford, MS 38655
Email: pmallette@mayomallette.com
*ATTORNEY TO BE NOTICED*

**Vito J. DeBari**
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
*ATTORNEY TO BE NOTICED*

This the 7th day of May, 2007.

/s/ Zach Scruggs
David Zachary Scruggs