IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SURFER INTERNET BROADCASTING**                                                                             **PLAINTIFF**
**OF MISSISSIPPI, LLC.**

**V.**                                                                                                                **CASE NO. 4:07CV034**

**XM SATELLITE RADIO INC., and**
**SIRIUS SATELLITE RADIO INC.**                                                               **DEFENDANTS**

**ORDER**

This cause comes before the court on the defendants' motion to change the venue in this action from the Northern District of Mississippi to the Southern District of New York. The plaintiff has responded in opposition and this court is prepared to rule.

Surfer Internet Broadcasting of Mississippi, LLC ('SIBM"), a Mississippi corporation, filed this patent infringement suit against XM Satellite Radio, Inc. ("XM") and Sirius Satellite Radio, Inc. ("Sirius") on February 27, 2007. XM is a Delaware corporation headquartered in Washington, D.C., but it also maintains two New York offices. Sirius is a Delaware corporation headquartered in New York, New York. SIBM alleges that Sirius and XM are infringing U.S. Patent No. 6,766,376 ("376 patent"), which involves streaming video and audio files over the internet.

It should be noted that SIBM was formed seven days before the institution of this action. Howard Price, the named inventor, assigned the 376 patent application to SurferNetwork.com, Inc. William Grywalski served as co-founder and president of SurferNetwork.com, Inc., and the company was located in Mount Olive, New Jersey. While the patent application was still

pending, SN Acquisition, LLC acquired all assets of SurferNetwork.com, Inc., including the 376 patent application. It also assumed the operations of SurferNetwork.com, Inc. William Grywalski was the president of SN Acquisition, which was located in Flanders, New Jersey. After the 376 patent issued, SN Acquisition assigned the patent to WAG Acquisition, LLC, which has the same business address as SN Acquisition and does business as SurferNetwork. William Grywalski is a member of WAG and president of SurferNetwork. SIBM was created on February 20, 2007, and was assigned the 376 patent at some point between February 20, 2007, and the institution of this action on February 27, 2007.

XM and Sirius contend that this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) because it is a more convenient forum for parties and witnesses and better serves the interest of justice. SIBM maintains that the defendants seek to transfer this action to New York in order to prolong this matter. 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In applying the provisions of §1404(a), the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Next, the court should consider the convenience of the parties and witnesses. *Id*. When considering a § 1404(a) motion to transfer, a district court should consider a number of private and public interest factors, none of which are dispositive. *Id*. The private interest factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that

make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. The plaintiff's choice of forum is also one of the several factors to be considered under the venue transfer analysis. *See Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987). However, Judge L.T. Senter has pointed out that "little, if any, deference should be given to [the plaintiff's] choice of forum" when the plaintiff engages in "blatant forum shopping." *Fullman by Flanaghan v. AAA Cooper Transp. Co.*, 732 F. Supp. 54, 56 (N.D. Miss. 1990).

As Sirius and XM both maintain New York offices, this suit could have originally been brought in the Southern District of New York. This court now considers the public and private interest factors related to this motion to change venue.

**Private Factors**

Relative Ease of Access to Sources of Proof

Sirius and XM are both Delaware corporations and headquartered in New York and Washington, D.C., respectively. The defendants maintain that virtually all of their witnesses and evidence are located in either Washington, D.C. or New York, or are located substantially closer to the Southern District of New York than the Northern District of Mississippi. "With regard to the convenience of party and non-party witnesses, the defendants must specifically relate the identity of the witnesses and the nature and relative importance of their testimony." *Crawford v. Glenns, Inc.*, 637 F. Supp. 107, 110 (N.D. Miss. 1986), *citing Sommerville v. Major Exploration, Inc.,* 576 F. Supp. 902, 907 (S.D.N.Y. 1983). Although this case is in the early stages of

3

litigation, the defendants have provided the names of three potential witnesses, all of whom are located in the New York, New Jersey, Pennsylvania and Washington, D.C. areas.  Most relevant to this factor is the issue of key witnesses.  *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000).

Sirius and XM aver that their witnesses will be employees with knowledge regarding the design, function, and/or operation of the products in question.  Though an incomplete witness listing, the defendants anticipate calling three specific key witnesses from Sirius: 1) Daniel Eccles - VP, Applications Development - New York, NY; 2) Raymond Lowe - Senior Technical Consultant - Princeton, NJ; and 3) Joseph Zampoline - Information Technology Manager - New York, NY.  The defendants also contend that the documents related to this litigation are located at Sirius' New York headquarters or the surrounding metropolitan area or at XM's headquarters in Washington, D.C.

The plaintiff maintains that its documents related to the 376 patent are kept at SIBM's principal place of business in Greenville, MS.  However, the defendants note that SIBM was formed merely seven days before the institution of this action and assert that this litigation has no meaningful connection to the State of Mississippi.  Prior to SIBM's formation and the assignment of the 376 patent to the company, the 376 patent and patent application were owned by related entities run by William Grywalski based in Budd Lake, New Jersey or Flanders, New Jersey.  Budd Lake and Flanders are located less than fifty miles from the Southern District of New York.    Mr. Grywalski is a Budd Lake resident.  Howard Price, the inventor named on the 376 patent application is a resident of Bethel Park, Pennsylvania, which is approximately 380 miles from the Southern District of New York.  Ernest Buff, the attorney who prosecuted the 376

4

patent, has an office in Bedminster, New Jersey, which is less than fifty miles from the Southern District of New York. The court does keep in mind, however, that the plaintiff has produced affidavits from all three men averring that they are willing to travel to the Northern District of Mississippi to provide testimony in this lawsuit and that such travel would not pose an inconvenience.

Availability of Compulsory Process to Secure the Attendance of Witnesses

Pursuant to Fed. R. Civ. Pro. 45(b)(2)(B), this court has the authority to subpoena out of state witnesses to the Northern District of Mississippi if they are located within one hundred miles of the place specified for trial. While three of the plaintiff's witnesses are willing to voluntarily appear, it seems likely that a majority, if not all, of the witnesses are beyond the subpoena power of this court.

Cost of Attendance for Willing Witnesses

The cost of attending trial would be significantly less expensive for witnesses if litigated in the Southern District of New York. There are no commercial airports located in Oxford, which means that out of state witnesses would not only have to purchase airline tickets, but also arrange for automobile transportation to travel from the nearest airport into Oxford. The Fifth Circuit has noted:

> Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

5

*In re Volkswagen AG*, 371 F.3d at 203.

If this case were litigated in the Southern District of New York, witnesses would be more likely to have the option of traveling to and from New York in a single day, avoiding the need of overnight stays. In addition, many witnesses would be able to drive, thereby reducing or eliminating expenses related to air travel and rental cars.

**Public Factors**

Administrative Difficulties Flowing from Court Congestion

The median time from filing a case to the conclusion of trial in the Northern District of Mississippi is 24 months and for the Southern District of New York it is 25.7 months. This minimal time difference does not cause the court to favor one jurisdiction over the other.

Local Interest in the Matter

Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. *In re Volkswagen AG*, 371 F.3d at 206. (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). XM and Sirius do have customers in Mississippi, and the plaintiff alleges that these sales constitute a part of the alleged infringement and SIBM's damages. They further assert that Mississippi has a significant interest in this matter because SIBM is a Mississippi corporation. The plaintiff's arguments are unconvincing. SIBM only came into existence seven days before the institution of this lawsuit, and does not appear to do substantial business in Mississippi or employ Mississippi residents. Mississippi has a very limited interest in this matter.

Familiarity of the Forum with the Law & Conflict of Laws

Federal law will govern this case and applies equally in the Northern District of

6

Mississippi and the Southern District of New York. Both parties agree that there is no application of foreign law in this case and that the potential for conflict of laws does not exist.

After reviewing the public and private interest factors in this case, the court concludes that the convenience of the parties and the interests of justice mandate transfer. The defendant's motion to change venue [20] is GRANTED. This case is hereby transferred to the Southern District of New York.

This the 24th day of April, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**